Tucker, P.
I am of opinion, that the decree should be affirmed. There is but one point on which I deem it necessary to make a remark: it respects Edward Gilliam’s receipt for his legacy. I think it no evidence against Pearman his assignee, unless it is proved to have been given before the assignment. It cannot prove itself, neither its genuineness nor the truth of the date. The acknowledgments of an assignor that he has been paid his debt are no evidence against the assignee, unless they were made anteriour to the assignment; and *148 this is equally true, whether his acknowledgment is oral or written. Now a receipt is nothing but a written acknowledgment, and is not evidence against the assignee, unless it is proved to have been given anteriour to the assignment. The proof of this is upon the debtor. It was argued, that the date of the receipt must be taken as the true date, until the contrary is proved. I cannot think so. If it were so, every such paper would prove itself; which cannot be. Moreover, the parties to it know truly when it was given ; the assignee cannot know. The parties to it must, therefore, prove it; since otherwise, howevér false and fraudulent it be, it will prove itself to be true, without the possibility of contradiction. Now, in this case, if we take the testimony of Edward Gilliam, the date is proved to be false; and even if we reject it, there is no proof that the date is true. Of course there is no proof, that the acknowledgment of the receipt of the money was made anteriour to the assignment, and it was therefore no evidence against the assignee. Without it, there is no difficulty in affirming the decree.
The other judges concurred. Decree affirmed.